Welch, C. J.
It is well-settled law, that where goods are described in the bill of lading as destined for a place beyond the terminus of the line over which the carrier undertakes to transport thém, it is the duty of the carrier, in the absence of contrary instructions or usage, to forward them by the usual conveyances for their ultimate destination. It seems to be equally well settled, that where goods are marked-with the name and place of residence of the owner, aud are described in the bill of lading as so marked, in the absence of anything appearing to the contrary, either in the bill of lading, the marks upon the goods, or otherwise, the residence of the owner is to be taken as their ultimate destination. This bill of lading describes the box of goods as marked “ D. W. Mott & Bro., Memphis, Tenn.” If nothing further as to its [dace of destination has appeared in the bill of lading, or on the box, Memphis, Tennessee, would, prima fade, be taken as that place, and each carrier through-whose hands it passed, would have been justified in forwarding it accordingly. But the bill of lading, in addition to the name and address of the owners, contains also the words “ all rail to Cincinnati,” and it is in giving effect and meaniug to these words that the trouble arises. Are they words indicating the destination of the goods, or words indicating the manner of their conveyance? Do they signify that the goods are to be carried “ to Cincin-. nati,” and no farther, or do they mean that in their journey from New York to Memphis, they shall be carried by the “all-rail” route as far as Cincinnati? The plaintiffs in error, acting as agents for the Pennsylvania Railroad Company, in good faith it seems, and in the absence of contrary *159 directions, adopted tlie latter construction; and we are not prepared to say that they erred. On the contrary, it seems to all of us that such is the more reasonable and obvious reading of the paper. No consignee at Cincinnati is named, and it would be quite unreasonable to imply that the own- • ers were the consignees, without the further implication that their place of residence was to be the place of delivery.
In our judgment, therefore, the court below erred in holding that, upon the agreed case, the plaintiffs in error were liable for the loss of the goods.
It is suggested by counsel, but apparently not insisted on, that in order to enable the plaintiffs to have the ease reviewed on error, there should have been a motion for a new trial and a bill of exceptions. "We do not so understand the law. There was no issue of fact. The facts were ascertained and agreed upon by the parties. Their agreed statements took the place of a special finding by the jury, and the court only pronounced the law arising upon those facts. There was nothing to put in a bill of exceptions. The record was complete without it. The provisions of the code under which the proceeding was had (sec. 495-497), declare that “ the case, the submission, and the judgment shall constitute the record.”

Judgment reversed.